# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-CR-00162-FJG |
| ) | |
| NARRICO T. SCOTT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Narrico T. Scott asks the Court to reconsider its order denying his 18 U.S.C. § 3582(c)(2) motion for sentence reduction based on the Fair Sentencing Act of 2010 and Amendment 750 to the Sentencing Guidelines. Doc. 1148. The motion to reconsider is denied.

## I.  Background

On June 7, 2011, a second superseding indictment was returned in which Scott and nine others were charged with various drug and drug-related charges. Doc. 2. As relevant here, Count I charged Scott with conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (crack cocaine), under 21 U.S.C. § 841(a)(1) and (b)(1)(A), § 846, and § 851. On May 31, 2011, the government filed a notice and information stating its intent to use Scott's prior felony convictions for sale of a controlled substance and second-degree trafficking in the Circuit Court of Jackson County, Missouri to enhance his statutory penalties for Count I to a mandatory minimum of not less than 20 years. Doc. 348.

On February 7, 2012, Scott plead guilty to Count I under a written plea agreement. Doc. 920 (hearing transcript), pp. 6-7; Doc. 645 (Plea Agreement). In the agreement, Scott admitted he conspired with his co-defendants to distribute cocaine and cocaine base. He was responsible for distribution of over 840 grams of cocaine base. He also had a prior felony drug conviction in the Circuit Court of Jackson County, Missouri, for sale of a controlled substance, a

class B felony. The agreement further states that the "applicable Guidelines Manual is the one that took effect on November 1, 2010," but elsewhere states that the sentencing court "[would] determine the applicable…Guideline range at the time of sentencing[.]" Doc. 645 pp. 5, and 7-8.

A Presentence Investigation Report was prepared by the United States Probation and Pretrial Services Office, Doc. 778, and Scott was sentenced on December 20, 2012, Doc. 922. The PSR provided that the offense-level computation was based on the "Guidelines Manual effective November 1, 2011." Doc. 778, p. 14, ¶ 54. The advisory Guidelines range calculated under the November 1, 2011 Guidelines was 292 to 365 months. The court sentenced him to 240 months, the statutory mandatory minimum sentence. Doc. 778, p. 27; Doc. 905, p. 2; and 21 U.S.C. § 841(b)(1)(A). Scott appealed and the Eighth Circuit affirmed. *United States v. Scott*, 541 Fed. Appx. 720 (8th Cir. 2013).

Scott filed a motion under 18 U.S.C. § 3582(c)(2) for sentence reduction, which this Court denied. The Court held he was not eligible for a reduction because he was sentenced after the effective date of Amendment 750 and his sentence had incorporated the reduction allowed by the amendment. Doc. 1090.

**II. Discussion**

Scott argues that in denying his motion under § 3582(c)(2), the Court failed to afford him the benefit of the changes in the Fair Sentencing Act of 2010 and the U.S. Sentencing Commission Guidelines Manual in effect at the time of his sentencing—the November 1, 2011 version.

Section 3582(c)(2) permits a district court to reduce a defendant's sentence if: (1) the defendant's initial sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with policy statements issued by the Commission. Section 3582(c)(2) affords Scott no relief, for two reasons.

First, Scott was sentenced to a statutory mandatory minimum sentence and the Guidelines

2

cannot alter such a sentence. Specifically, Scott was sentenced pursuant to 21 U.S.C. § 841.[1] In relevant part, § 841 applies as follows to a person who distributes 280 grams or more of cocaine base and has a prior conviction for a felony drug offense:

> If any person [distributes 280 grams or more of cocaine base] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment […].

§ 841(b)(1)(A).

Scott plead guilty to a count of conspiracy to distribute 50 grams or more of cocaine base, and the plea agreement and PSR reflect that Scott's offense involved at least 840 grams of cocaine base. Thus, Scott's offense met the threshold cocaine base amount provided under § 841(b)(1)(A)(iii), as amended in 2010. He also had a prior, final conviction for a felony drug offense and the Government filed a notice and information stating its intent to use the felony to enhance Scott's statutory penalties to a mandatory minimum of not less than 20 years. Therefore the changes to § 841 in 2010 would not have permitted Scott to be sentenced to a term of imprisonment of less than 20 years (240 months). The mandatory minimum sentence was required to be 240 months both before and after 2010.

Having been sentenced to a statutory mandatory minimum, Amendment 750 cannot affect Scott's sentence: the Eighth Circuit has held that an amendment to the Guidelines does not affect a sentence that was based on a statutory mandatory minimum. *See United States v. Moore*, 734 F.3d 836, 837 (8th Cir. 2013) (citing U.S. Sentencing Guidelines Manual § 5G1.1(b)). Quoting the comments to the Sentencing Guidelines, the court in *Moore* explained:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) ... if ... (ii) ... the

---

[1] Scott plead guilty under 21 U.S.C. §§ 841, as well as §§ 846 and 851. Section 846 provides that a conspiracy to commit any offense defined under the subchapter is subject to the same penalties as are prescribed for the offense, which in this case is § 841. Section 851(a) provides that prior convictions may be considered in sentencing, if the Government files a notice and information.

3

> amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

*Id.* (quoting U.S.S.G. § 1B1.10 cmt. n. 1(A)). Accordingly, the Eighth Circuit concluded that where Defendant Moore's "sentence was based on a statutory mandatory minimum term of imprisonment, Amendment 750 [did] not apply" and Moore therefore was not eligible for relief under section § 3582(c)(2). *Id.* (citing *United States v. Lewis,* 476 Fed. Appx. 100, 101 (8th Cir. 2012)). *See also Sturdivant v. United States*, 2016 WL 1298127, at *5 (N.D. Iowa Mar. 31, 2016) (same); *United States v. King*, 2014 WL 1386420, at *2 (W.D. Ark. Apr. 9, 2014) (same); and *Jackson,* 2013 WL 3466861, at *1 (same). Likewise here, §3582(c)(2) cannot afford Scott any relief from his statutory mandatory minimum sentence.

Scott points to *United States v. Dorsey*, 135 S.Ct. 2321 (2012), in which the Supreme Court held that the provisions of the Fair Sentencing Act applied to offenders whose crimes preceded the effective date of the Act (August 3, 2010), but who were sentenced after that date. But the Fair Sentencing Act did not change the applicable statutory minimum to be applied in this case. Both before and after 2010, a court had to sentence Scott to 240 month because of the statutory minimum.

Accordingly, the Court declines to reconsider its denial of Scott's motion for a sentence reduction.

**III.    Conclusion**

Scott's motion to reconsider, Doc. 1148, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  February 2, 2017
Jefferson City, Missouri